**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| JAMEL LAW, ) | |
| ) | |
| Petitioner, ) | Criminal No. 1:10-cr-477 |
| v. ) | Civil Action No. 1:13-cv-528 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION

This case is before the Court on the Motion of Jamel Law ("Petitioner") to Vacate, Set Aside, and/or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Petitioner was convicted of conspiracy to distribute 280 or more grams of cocaine base and/or 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. Discovery began after the Petitioner's January 7, 2011, arrangement, and a trial was set for May 31, 2011. Petitioner's counsel, Gregory T. Hunter, Esq., ("Counsel") so served until he was substituted in April 29, 2011, with Gretchen Taylor, Esq. On May 5, 2011, the Petitioner's Motion to Substitute Counsel was withdrawn when he became unsatisfied with her performance and desired his prior counsel. Counsel then resumed Petitioner's representation, which the Court explained on May 10, 2011. Petitioner subsequently pleaded guilty of the charged offense.

Petitioner was sentenced on July 22, 2011. The government filed a position paper on sentencing three days beforehand, and Petitioner's counsel responded one day beforehand. Petitioner was sentenced to 210 months incarceration, resulting from a one level reduction in the Petitioner's criminal history level. Petitioner's counsel argued for a reduction both in his position paper and at the sentencing hearing, and the incarceration level was less than the government's recommendation of a sentence within 235 to 293 months. Petitioner appealed his sentence, despite waiving his appeal rights in his plea agreement, on August 3, 2011. Because of his waiver, the U.S. Court of Appeals for the Fourth Circuit granted the government's Motion to Dismiss on February 16, 2012. Petitioner timely filed this instant motion on April 30, 2013.

In his present motion, Petitioner presents one argument for this Court to discard his sentence: that the ineffective assistance of his counsel violated his rights guaranteed by the Sixth Amendment to the U.S. Constitution. <u>See</u> Pet'r Mot. Filed Apr. 30, 2013, at 2. As explained <u>infra</u>, Petitioner's sole argument is meritless, compelling this Court to deny his motion and accompanying request for an evidentiary hearing.

For Petitioner's claim of ineffective assistance of counsel to prevail, he must establish that: (1) his counsel committed errors so serious that his performance fell "below an objective

standard of reasonableness;" and (2) "the deficient performance prejudiced [Petitioner's] defense." Strickland v. Washington, 466 U.S. 668, 688, 687 (1984). The Fourth Circuit refers to these two "prongs" of the Strickland test as the "performance prong" and the "prejudice prong," respectively. See Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Petitioner bears a heavy burden here, see Strickland, 466 U.S. at 689-90, and properly so because this "intrusive post-trial inquiry" must not threaten a reliable result. See id. (noting that "it is all too tempting" to "second guess counsel's assistance after conviction or adverse sentence."). Strickland's concern for reliability is particularly at risk where, as here, Petitioner's argument controverts statements he made under oath during a plea colloquy expressing satisfaction with his counsel, see Fields, 956 F.2d at 1299. Those statements are binding on the Petitioner absent clear and convincing evidence to the contrary. See id.

Turning to the "performance prong," the Petitioner provides no credible – let alone clear and convincing – evidence that his counsel did not function within the realm guaranteed by the Sixth Amendment. The Petitioner argues that his counsel provided an insufficient investigation into his defense. "Argue" is perhaps too strong; the most Petitioner claims is that he "began to suspect" deficiencies. See Pet'r Mot. Filed

3

Apr. 30, 2013, at 4. Petitioner further states that he only reinstated his counsel after "implications" that this counsel "possessed some special influence over the prosecution," see id. at 5, which is uncorroborated. He also claims that his counsel "arguably" filed his position with respect to the sentencing factors too late to be effective, though still before the deadline. See id. at 6.

Petitioner's conclusory and hesitant statements regarding his counsel's conduct provide no showing of the "extraordinary circumstances" needed to credibly contradict his sworn statements of satisfactory representation at the Rule 11 colloquy. Cf. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). The Strickland test affords a strong presumption that counsel's attention to one issue at the expense of another is a tactical judgment and not neglect. Cf. Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (per curiam). Here, the Petitioner has nothing more than a mere suspicion that his counsel's performance was deficient – seemingly based only on the Petitioner's disappointment that his counsel did not want to rely on witnesses that involved the Petitioner in his crime. By itself, this does not constitute deficient performance. See, e.g., Huffington v. United States, 140 F.3d 572, 580-82 (4th Cir. 1998) ("eyewitnesses [not] critical to the determination of guilt" need not be interviewed by counsel).

4

In some portions of his brief, not even Petitioner seems persuaded by his case. Petitioner's brief suggests that, right up until his guilty plea was formally entered, the adequacy of his counsel's performance "might still be an area of objective disagreement." See Pet'r Mot. Filed Apr. 30, 2013, at 8. By itself, this concedes that his counsel's conduct during the plea negotiation satisfies the Strickland test. See 466 U.S. at 690-91 (finding that counsel's performance need not be correct, merely objectively reasonable).

Even if Petitioner's brief did not concede the adequacy of his counsel's conduct during the plea stage, the Rule 11 colloquy reveals that the Petitioner knowingly, voluntarily, and intelligently pleaded guilty. The only evidence the Petitioner purports in response is an allegation that his counsel led him to plead guilty because his special relationship with the prosecution would soften the sentence. Such an unsupported allegation by a Petitioner who reviewed the plea agreement he signed with counsel does not rise to the level of "extraordinary circumstances." Cf. Fontaine v. United States, 411 U.S. 213 (1973) (Holding that a Petitioner who provides documented evidence of severe mental and physical illness, and is also without counsel at the time of his guilty plea, satisfies extraordinary circumstances).

5

Petitioner also alleges that his counsel deficiently pursued a sentencing reduction. The Petitioner points to the filing of his counsel's position paper on the sentencing factors as an example of his delinquency. Yet not even the Petitioner admits that counsel filing this document a day before sentencing – a timely filing – is anything more than "arguably" deficient. See Pet'r Mot. Filed Apr. 30, 2013, at 6. Not only is an "arguable" deficiency not a deficiency for purposes of Strickland, the facts reveal the reasonableness of his counsel's conduct: the government's position paper, to which counsel was responding, was filed only two days before counsel filed his paper. Taking two days to review and timely respond to a position paper from the United States government is hardly outside the realm of professional acceptability.

Petitioner's final allegation of deficient performance results from the government declining to move for a sentencing reduction. According to the Petitioner, it was "unusual" that this had not happened – despite his plea agreement stating that such a move would be within the government's "sole discretion." See Resp't. Ex. B, at 10, 13. Petitioner provides a baseless allegation that his counsel said he would receive a sentencing reduction based on his cooperation with the government. Yet the evidence of Petitioner's assent to the plea agreement, and all of its plain terms, is clear by his signature.

6

Accordingly, I find Petitioner's argument devoid of clear and convincing evidence of deficient performance.

In turning to the "prejudice prong," it is notable that "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700. Yet here, like in Strickland, "there is a double failure" because the Petitioner cannot evince prejudicial error, in addition to his failure to show deficient performance. See id. This is so because the Petitioner's allegations do not show a reasonable probability that, but for any purported errors of counsel, he would not have pleaded guilty and gone to trial. See Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

Petitioner's claim that he would have proceeded to trial if his counsel did not induce him to plead guilty is controverted by the Rule 11 colloquy, and his counsel's performance. Contrary to the Petitioner's assertion that his counsel was thwarting his efforts for a trial, his counsel filed pre-trial motions and reviewed discovery. Yet even if his counsel could have been better, any prejudice is belied by the Petitioner agreeing to waive his right to a jury trial in the plea. This Court inquired whether the Petitioner was satisfied with his representation, whether he was aware of his right to a trial, the possibility of his sentence, and whether he was guilty as

7

charged - all to which he replied affirmatively. When "the trial court properly inform[s] [the Petitioner] of the potential sentence he faced, he [can] not be prejudiced by any misinformation his counsel allegedly provided him." See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). Thus, even to the extent that Petitioner's allegations regarding counsel's preparation for a guilty plea are true, his acknowledgment of guilt in open court after the colloquy eliminates the possibility of prejudice from them.

Petitioner also alleges prejudice from counsel's conduct in his sentencing - namely, that the timing of his counsel's position paper filing did not allow this Court to consider his view of sentencing. According to the Petitioner, "[o]nly the sua sponte intervention of the sentencing judge, not the argument or efforts of counsel, spared Petitioner from a Level VI [c]riminal history, which the judge reduced to a Level V." See Pet'r Mot. Filed Apr. 30, 2013, at 10. Yet this Court agreed with Petitioner's counsel that his criminal history score should be reduced - and did so after counsel's arguments. See Resp't. Ex. D, at 8. The fact that this Court did not accept all of counsel's arguments does not make his performance prejudicial.

Finally, Petitioner alleges prejudice from the government not moving for a sentencing reduction, despite his counsel's

purported promise that they would. Even if such a promise occurred and constituted deficient performance, it would still not surmount the "formidable barrier" erected by Petitioner's knowing, intelligent, and voluntary guilty plea that gave the government sole discretion over such motions. Cf. Lemaster, 403 F.3d 216, 221. The plea agreement's plain terms make no secret of the government's discretion in this regard – it is mentioned twice. He told this Court during his Rule 11 colloquy that he reviewed this plea with his counsel, and understood that he could receive the same punishment a jury would render if he was tried and convicted. Petitioner thus provides this Court no evidence to second-guess his own statements and signature. Cf. Fields, 956 F.2d at 1299.

The choice to plead guilty is made by the defendant alone, not a surrogate. See Florida v. Nixon, 543 U.S. 175, 187 (2004). Petitioner possessed control over his representation, as he demonstrated through his decision to remove and then reinstate his counsel. His guilty plea and sentence were the just and reliable results of the proceedings against him, and evince no prejudice.

An evidentiary hearing is only necessary when it is not "clear from the pleadings and the files and records that the prisoner is entitled to no relief . . . ." Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970) Here, the pleadings,

9

files, and records are sufficient for this Court to determine that Petitioner's unsupported, conclusory allegations entitle him to neither an evidentiary hearing nor § 2225 relief.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
September _13_, 2013